UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

JEREMY BROWN,
       Plaintiff,

v.   Civil Action No.:

DELAWARE AMERICAN LIFE
INSURANCE COMPANY,
       Defendants.

5:22-cv-102

# COMPLAINT

NOW COMES Plaintiff, by and through his attorneys, Jarvis & Modun, LLP, and alleges the following:

## I. Jurisdiction and Venue

1. Plaintiff's claim is filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.

2. Venue and jurisdiction are proper under 29 U.S.C. § 1132.

3. This is an action pursuant to 29 U.S.C. § 1132(a)(1)(B) to recover benefits due Plaintiff under an employee welfare benefit plan. Plaintiff seeks a declaration of his right to benefits under a long-term disability ("LTD") benefit, which is part of an employee welfare benefit plan as defined by ERISA. Plaintiff also seeks an award of attorney's fees, costs, and interest.

## II. Parties and LTD Policy

4. Plaintiff is an adult resident of the town of South Burlington in the county of Chittenden and state of Vermont.

5. Plaintiff was an employee of Freeport-McMoRan Inc. ("Freeport-McMoRan"), or a subsidiary, at all relevant times to this claim.

6. Freeport-McMoRan is a mining company incorporated in Delaware with headquarters in Arizona, which operates mines at various locations around the world.

7. Defendant Delaware American Life Insurance Company is a foreign corporation that underwrote an LTD Policy for Freeport-McMoRan, or the subsidiary that hired Plaintiff, that was intended to benefit Freeport-McMoRan's, or its subsidiary's, employees.

8. Under the terms of the Policy, Defendant retained discretion to determine eligibility to benefits and to interpret the terms of the Policy.

9. Defendant is affiliated with MetLife Worldwide Benefits ("MetLife").

10. Defendant delegated its responsibility to make decisions regarding the eligibility to benefits under the Policy to MetLife.

11. Under the Policy, Defendant pledged to pay an LTD benefit after an elimination period of 180 days for as long as an eligible employee is disabled under the terms of the Policy, complies with the Policy's terms, and is below the maximum benefit age in the Policy.

12. During the elimination period and for the first 24 months of eligibility, "disability" under the Policy is defined as the inability to perform each of the material duties of the employee's regular occupation due to an injury or sickness.

13. Under the Policy, benefits for disability related to mental illness, alcoholism, or drug addiction are limited to 24 months, except for some circumstances that are not relevant to Plaintiff's claim.

14. The LTD benefit paid under the Policy is 60% of the employee's basic monthly earnings, subject to certain reductions for other benefit income, and also subject to maximum and minimum benefit provisions.

**III. Factual Background**

15. Freeport-McMoRan or its subsidiary hired Plaintiff to work at fascinating relations with indigenous peoples at a remote mine in Indonesia.

16. The work environment was very isolating and stressful.

17. In June of 2019 Plaintiff developed mental health and substance abuse disorders that made it impossible for him to perform the material duties of his regular occupation.

18. Plaintiff went through rehabilitation for his substance abuse disorder.

19. At the end of his rehabilitation, Plaintiff was told by medical providers that it was medically inadvisable for him to return to the circumstances of his employment with Freeport-McMoRan, or its subsidiary, because of the negative impact it would have on his mental health and substance abuse disorder.

20. Plaintiff applied for LTD disability benefits with MetLife because he was medically unable to return to his regular occupation.

21. MetLife denied his application for LTD benefits.

22. Plaintiff made a timely appeal of the initial denial of benefits.

23. On April 21, 2021, MetLife made a final determination that Plaintiff was not disabled under the terms of the LTD policy.

### IV. Count One – the Arbitrary and Capricious Denial of LTD Benefits

24. By reference, Plaintiff incorporates allegations 1 through 23, above.

25. Plaintiff met the definition of disability and was entitled to receive LTD benefits under the terms of the Policy for the first twenty-four (24) months after the completion of his elimination period.

26. Defendant's, or its affiliate MetLife's, decision to deny Plaintiff LTD benefits under the Policy for that period was arbitrary and capricious or was otherwise contrary to law.

WHEREFORE, Plaintiff prays that this Court:

1. declare that Defendant's and/or MetLife's denial of LTD benefits under the Policy was arbitrary and capricious,

2. award Plaintiff the equivalent of 24 months of LTD benefits under the Policy,

3. award Plaintiff attorney's fees, costs, and interest, and

4. grant other such relief as the Court deems just and appropriate.

May 2, 2022
South Burlington, Vermont

                                            Respectfully submitted,
                                            Jarvis & Modun, LLP
                                            Attorneys for Jeremy Brown

By: _____
                                            Craig A. Jarvis
                                            License No. 3715
                                            P.O. Box 4590
                                            Burlington, VT 05406
                                            (802) 540-1030